In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-2182

ABRAHAM GLADNEY, JR.,

*Plaintiff-Appellant,*

*v.*

PENDLETON CORRECTIONAL FACILITY and INDIANA
   DEPARTMENT OF CORRECTIONS,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division.
No. 00 C 268—**John D. Tinder**, *Judge.*

SUBMITTED JUNE 27, 2002—DECIDED SEPTEMBER 13, 2002

Before POSNER, KANNE, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* A state prison inmate brought a civil rights suit against prison officials. The district court dismissed the suit as frivolous, 28 U.S.C. § 1915A(b)(1), and the inmate appeals. The only issue, one we left open in *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999), but think the time has come to resolve, is the standard of appellate review of determinations of "factual" frivolousness under section 1915A(b)(1). Usually suits are dismissed as frivolous because there is absolutely no legal basis for the plaintiff's claim. Sometimes, however, a suit

is dismissed because the facts alleged in the complaint are so nutty ("delusional" is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity. See, e.g., *Lee v. Clinton*, 209 F.3d 1025, 1025 (7th Cir. 2000); *Bilal v. Driver*, 251 F.3d 1346 (11th Cir. 2001); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Stated differently but with the same result, no evidentiary hearing is required in a prisoner's case (or anyone else's, for that matter) when the factual allegations are incredible. *Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *Peavy v. United States*, 31 F.3d 1341, 1345 (6th Cir. 1994); *Houston v. Lockhart*, 982 F.2d 1246, 1250 (8th Cir. 1993). That was the basis of the dismissal here. The complaint alleges that on numerous occasions over a span of three years unnamed guards at three different prisons unlocked the door to the plaintiff's cell while he was asleep, allowing inmates to come in and drug and sexually assault him. He slept through all these outrages and only discovered what had happened when one day he noticed a needle mark under his lip. When he visited the prison infirmary to have the mark attended to, the medical personnel claimed not to see the mark because they were trying to make him think that he was delusional. These are copycat allegations from *Denton v. Hernandez*, 504 U.S. 25, 27-28 (1992), and are obviously and knowingly false.

It was *Denton*, coincidentally, that held that a district court's finding of factual frivolousness under an earlier, similarly worded statute, 28 U.S.C. § 1915(d), is to be reviewed for abuse of discretion, a deferential standard. True, the district judge hasn't a great advantage over the appellate judges when it comes to assessing the adequacy of a complaint, but, as emphasized in *Denton* itself and in a number of other cases as well, see 504 U.S. at 33; *Neitzke*

*v. Williams*, 490 U.S. 319, 328 (1989); *Bilal v. Driver, supra*, 251 F.3d at 1349; *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (though only *Bilal* and *Adams* involved factual frivolousness), he has some, because district judges see many more prisoner suits, with their often bizarre allegations, than appellate judges do. In addition, the determination that particular factual allegations are too crazy to trigger any sort of evidentiary proceeding (such as requiring the defendants to file affidavits in support of a motion for summary judgment) is case-specific and so does not engage the primary duty of an appellate court, which is to maintain the coherence and (reasonable) uniformity, as well as the lawfulness and intelligence, of legal doctrine. See, e.g., *Buford v. United States*, 532 U.S. 59, 65-66 (2001); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 403-04 (1990); *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 307-08 (7th Cir. 2002); *United States v. Hill*, 196 F.3d 806, 808 (7th Cir. 1999); *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 933-34 (7th Cir. 1989); *United States v. Childress*, 58 F.3d 693, 702-03 (D.C. Cir. 1995).

Here we pause to note that some of the cases we cited earlier were decided not under 28 U.S.C. § 1915(d) but under its materially identical successor, section 1915(e)(2)(B)(i). Both old (d) and new (e)(2)(B)(i) govern all cases in which the plaintiff is asking to be allowed to proceed *in forma pauperis*, that is, without having to prepay filing fees. Section 1915A(b)(1), in contrast, though like (e)(2)(B)(i) enacted as part of the Prisoner Litigation Reform Act, has a different domain: all suits by prisoners, whether or not they seek to proceed *in forma pauperis. Denton*, as we said, was decided under section 1915(d), and 1915A(b)(1) differs in two principal respects: dismissal is mandatory rather than discretionary, if the conditions for dismissal such as frivolousness are met ("the court *shall* . . . dismiss

the complaint . . . if the complaint . . . is frivolous," 28 U.S.C. § 1915A(b)(1) (emphasis added)); and dismissal is with prejudice, whereas under 1915(d) or 1915(e)(2)(B)(i) the plaintiff could (can) proceed by paying the filing fee. *Denton v. Hernandez, supra*, 504 U.S. at 34; *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915A(b)(1) does not say in so many words that dismissal is with prejudice, but the implication is clear from the fact that it applies to all prisoner suits, not merely those sought to be prosecuted *in forma pauperis*. As the Supreme Court said in *Denton*, "because a § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations." 504 U.S. 34. Obviously that would be true if the suit had been dismissed because the plaintiff had failed to establish that he really was indigent. But a suit dismissed on the ground that it is frivolous normally cannot be refiled. As we explained in *Okoro v. Bohman*, 164 F.3d 1059, 1062-64 (7th Cir. 1999), while a frivolous suit does not engage the jurisdiction of the district court to decide the merits of the suit, the court has jurisdiction to determine its jurisdiction, and its determination precludes the plaintiff from filing a new suit with the same jurisdictional defect. See also *Smith-Bey v. Hospital Administrator*, 841 F.2d 751, 758 (7th Cir. 1988). That is the usual rule and the one applicable to section 1915A(b)(1).

Such differences as there are between section 1915 and section 1915A do not bear on the considerations relevant to the scope of review of a finding of factual frivolousness. The standard of review is the same under both statutes, and it is abuse of discretion.

AFFIRMED.

No. 01-2182                                                                 5

A true Copy:

     Teste:

                          _____

                          *Clerk of the United States Court of*
                          *Appeals for the Seventh Circuit*