**John M. HOWE, Plaintiff–Appellant,**

v.

**Jon E. LITSCHER, et al., Defendants–Appellees.**

No. 02–1707.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 27, 2002.[*]

Decided Dec. 9, 2002.

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

ORDER

John M. Howe, an inmate currently confined at the Wisconsin Resource Center (WRC) in Winnebago, Wisconsin, filed this *pro se* suit against Wisconsin Department of Corrections officials pursuant to 42 U.S.C. § 1983, alleging numerous violations of his Eighth Amendment rights. Specifically Mr. Howe alleged that the conditions of confinement at WRC and at the Columbia Correctional Institution (CCI), where he was previously confined, constituted cruel and unusual punishment, and that officials at both prisons were deliberately indifferent to his serious medical needs. The district court dismissed Mr. Howe's complaint for failure to exhaust his administrative remedies, and Mr. Howe appeals. Because we find that the district court lacked sufficient information to ascertain that Mr. Howe failed to exhaust his administrative remedies, we vacate the district court's decision and remand the case for further proceedings.

Mr. Howe's Eighth Amendment claims apparently arise out of multiple incidents dating back to 1994 that occurred during

---

[*] This court granted the appellees' motion for non-involvement, and accordingly this appeal has been submitted without the filing of briefs by the appellees. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

his confinement at CCI and WRC. Mr. Howe alleged, for instance, that he received inadequate medical care for an adverse drug reaction in July and August 1994, that he received inadequate dental care in January 1997, that he has received inadequate medical care for his Hepatitis-C condition since January 1997, that he has been intentionally harassed by CCI and WRC staff members since January 2001, and that his outgoing mail has been intercepted by CCI and WRC staff members throughout his confinement. Because Mr. Howe failed to supplement his initial complaint with any documentation proving that he had exhausted his administrative remedies, the district court *sua sponte* dismissed his complaint in March 2002 for failure to exhaust, presumably pursuant to 28 U.S.C. § 1915A(b)(1). Mr. Howe then promptly submitted additional documents showing the numerous administrative grievances and appeals he had submitted that purportedly related to his Eighth Amendment claims. The district court, construing that correspondence as a motion to reconsider, found that the documents showed exhaustion of only a February 2000 medical-treatment claim, but not any of the claims alleged in the complaint, and thus denied the motion for reconsideration.

On appeal Mr. Howe argues that he filed multiple administrative grievances concerning the incidents of which he complains and that prison officials either never responded to these grievances or denied them outright. Mr. Howe also argues that he is unable to submit documentation of exhaustion on some of these claims because many documents related to his grievances and legal claims were never transferred from CCI to WRC.

We review dismissals under 28 U.S.C. § 1915A(b)(1) for abuse of discretion. *See Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir.2002). We recently addressed this standard in the context of a *sua sponte* dismissal of a complaint for failure to exhaust administrative remedies. In *Walker v. Thompson*, 288 F.3d 1005 (7th Cir.2002), a state prisoner's § 1983 action was dismissed, in relevant part, on grounds that he had failed to file a timely grievance. *Id.* at 1009. On appeal we pointed out that the record was "hopelessly unclear" on whether the prisoner did fail to timely file and if so, whether any administrative remedies remained available. *Id.* Reversing, we explained that failure to exhaust is an affirmative defense that the defendants—not having filed an answer—had not pleaded. Unaided by an answer, the judge did not have enough information to ascertain whether the plaintiff had exhausted administrative remedies. We thus concluded that a district court abuses its discretion if it dismisses a suit *sua sponte* for failure to exhaust unless it is "plain from the face of the complaint that the suit can be regarded as frivolous." *Id. See also Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir.2002).

It is not readily apparent from Mr. Howe's complaint that he failed to exhaust his administrative remedies. His complaint is a long, rambling document from which it is difficult—if not impossible—to identify the precise events that he says resulted in the alleged violations. But nowhere on the face of the complaint did Mr. Howe acknowledge or show that he failed to exhaust his administrative remedies. Moreover, both the complaint and the documents submitted by Mr. Howe refer to incidents that occurred from 1994 *through* 2001 but do not specify the precise dates of these incidents, making it impossible to determine whether or not he exhausted his administrative remedies before filing this suit.

Here, as in *Walker*, the record is "hopelessly unclear," frustrating a determination

of whether Mr. Howe exhausted his administrative remedies. *Walker*, 288 F.3d at 1009–10. We note that the district court did not have the benefit of our decision in *Walker* when it dismissed Mr. Howe's complaint. However, *Walker* controls and it was error for the district court to dismiss the suit before an answer was filed. Accordingly we VACATE the district court's decision and REMAND for further proceedings consistent with this order.