George J. FIORENTINO,
Plaintiff–Appellant,

v.

F.A. BIERSHBACH, et al.,
Defendants–Appellees.

No. 02–3158.

United States Court of Appeals,
Seventh Circuit.

Submitted April 8, 2003.*

Decided April 9, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

### ORDER

Inmate George Fiorentino sued various employees of the Federal Correctional Institution in Pekin, Illinois, pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging that his confinement in segregation based on a later-expunged disciplinary conviction violated his due process rights. The district court dismissed the suit under the screening mechanism of 28 U.S.C. § 1915A for failure to state a claim, and we affirm.

On November 10, 2000, one of Fiorentino's fellow inmates, Logan Edwards, told prison officials that he had been injured in a fight with Fiorentino over the use of a table in the prison recreation center. Fiorentino denied fighting with Edwards, though he acknowledged being in the recreation center playing pinochle at the time of the alleged altercation. Prison officials placed Fiorentino in segregation pending an investigation, which revealed that Edwards sustained injuries that were consistent with fighting but that Fiorentino had no injuries or marks on his body. Fiorentino was charged with fighting, as detailed in an incident report dated December 1, 2000. Eleven days later a prison Displinary Hearing Officer (DHO) held a hearing at which Edwards recanted his previous accusation, and several witnesses called by Fiorentino testified that they did not observe a fight in the recreation center on November 10. Nonetheless, based on Edwards' initial statement and the incident report, the DHO found Fiorentino guilty and revoked 14 days of his good time, denied him commissary privileges for 90 days, and sentenced him to 30 days in disciplinary segregation.

Fiorentino appealed the DHO's decision to the Bureau of Prison's regional director, arguing that the disciplinary proceeding was untimely, that he was denied access to exculpatory evidence, that the DHO failed to provide an adequate explanation for the decision, that the DHO was biased, and that the decision lacked evidentiary support. The regional director stated, without elaboration, that there was a "procedural error" in the proceeding and ordered a rehearing. Upon rehearing six months later, the DHO found insufficient evidence to support a guilty finding, expunged the conviction from Fiorentino's record, and restored his good time credits before they had any effect on the length of his sentence. By this time, however, Fiorentino had spent approximately 60 days in segre-

gated confinement–30 days pending his initial hearing plus the 30–day punishment.

After the BOP denied his requests for compensation, Fiorentino filed this *Bivens* suit seeking damages for his wrongful confinement in segregation. Specifically, he alleges that he was confined to a cell nearly 24 hours a day and was deprived of various rights and privileges enjoyed by the general prison population such as smoking, watching TV, listening to the radio, using the telephone, accessing the law library, and participating in recreational and religious programs. The district court, relying on the Supreme Court's well-established holding in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), dismissed Fiorentino's due process claim because his segregated confinement did not constitute an atypical, significant deprivation that would create a liberty interest protected by due process. In addition, the court concluded, the factual allegations detailed in Fiorentino's complaint demonstrated that he received the minimum requirements of due process. We review the district court's dismissal *de novo*, taking all well-pleaded allegations of the complaint as true and viewing them in a light most favorable to Fiorentino. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir.2000).

■ Fiorentino first argues that the district court erred in dismissing his suit because the "unauthorized denial of due process is an atypical and significant deprivation" in its own right; the deprivations he alleged stemming from his segregated confinement were merely "secondary." To this end, Fiorentino contends that he was deprived of a liberty interest created by 28 C.F.R. § 541.12, which states that "as a human being [he] will be treated respectfully, impartially and fairly by all [Bureau of Prisons] personnel." But *Sandin* holds that prison disciplinary actions require due

process safeguards only when the punishment imposed affects the duration of the prisoner's sentence or inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484, 115 S.Ct. 2293. Like Fiorentino, the prisoner in *Sandin* had already served his 30–day sentence in disciplinary segregation before his disciplinary conviction was overturned, and during that period, was denied out-of-cell activities and other privileges enjoyed by the general prison population. *Id.* at 486, 115 S.Ct. 2293. The Court held such restrictions, although punitive, fell "within the range of confinement to be normally expected" as part of a prison sentence. *Id.* at 487, 115 S.Ct. 2293. Accordingly, we have repeatedly held that disciplinary segregation does not create an "atypical and significant hardship" triggering due process protections. *See Thomas v. Ramos*, 130 F.3d 754, 760–62 (7th Cir.1997); *Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir.1997). The prison therefore did not have to use any particular process to put Fiorentino in segregation notwithstanding any federal regulation to the contrary, and his due process claim is untenable.

■ Fiorentino next argues that the district court erred by failing to recognize his complaint as raising a potential claim that the defendants violated his right to freely exercise his religion under the First Amendment. He asserts in his brief that while in segregation he was not allowed to practice his Native American religion by participating in weekly sweat lodge and peace pipe ceremonies. Prisoners do retain a right to the free exercise of religion under the First Amendment, and restrictions on that right must be based on legitimate penological interests. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Tarpley v. Allen County*, 312 F.3d 895, 898 (7th

Cir.2002). And, *Sandin* would not preclude such a claim. 515 U.S. at 487 n. 11, 115 S.Ct. 2293 ("Prisoners ... retain other protection from arbitrary state action even within the expected conditions of confinement. They may invoke the First and Eighth Amendments and the Equal Protection Clause of the Fourteenth Amendment."). But we cannot fault the district court for not reading Fiorentino's complaint as stating an independent claim under the First Amendment. In his 30–page complaint Fiorentino mentions religion only twice, and then only generally in a list of items that he claimed he was deprived while unjustly confined in segregation. Indeed, Fiorentino concedes that he never intended to allege a First Amendment violation. The district court therefore treated Fiorentino's general allegation that he was not allowed to exercise his religion as Fiorentino did–as another alleged deprivation resulting from the denial of due process. As such, the district court correctly concluded that such a temporary denial of access to communal religious programs is neither an atypical nor significant deprivation warranting due process protection. *See Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir.2003); *Arce v. Walker,* 139 F.3d 329, 336–37 (2d Cir.1998).

■ Lastly, Fiorentino contends that the district court erred in dismissing his case *sua sponte* after permitting him to proceed *in forma pauperis.* This contention also is unavailing. District courts are to employ § 1915A's screening mechanism to "all suits by prisoners, whether or not they seek to proceed *in forma pauperis.*" *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir.2002). Section 1915A(b)(1) required the district court to dismiss Fiorentino's case if it determined that he had failed to state a claim or that his claims were frivolous, even if he had already partially paid the filing fee. *See*

*id.; Rowe v. Shake,* 196 F.3d 778, 781 (7th Cir.1999). Having made that determination, the district court was right to dismiss Fiorentino's suit under § 1915A. We note, however, that the district court's judgment states that the dismissal was "without prejudice," whereas, a dismissal for failure to state a claim under § 1915A should be made with prejudice. *Gladney,* 302 F.3d at 775. Accordingly, the judgment is modified to reflect dismissal with prejudice, and as modified the judgment is affirmed. Because Fiorentino's due process claim is squarely barred by *Sandin,* the district court correctly determined that under the PLRA Fiorentino earned a "strike" for bringing the action. *See* 28 U.S.C. § 1915(g). He earns a second strike for taking this appeal.

MODIFIED and AFFIRMED