Sammy J. GATES, Plaintiff–Appellant,

v.

Peter A. HUIBREGTSE, et al.,
Defendants–Appellees.

No. 02–2887.

United States Court of Appeals,
Seventh Circuit.

Submitted June 5, 2003.*

Decided June 6, 2003.

Before EASTERBROOK, KANNE, and WILLIAMS, Circuit Judges.

## ORDER

In this civil rights action, Wisconsin prisoner Sammy Gates alleges that defendants Overlien and Huibregtse, officials in charge of Gates's cell block, punished him for an incident involving a meal cart with a ten-day diet of nothing but "nutri-loaf," a blended and baked compost of regular prison food served without dinnerware or utensils. The loaf did not agree with Gates; four days into his ten-day punishment, he informed prison nurse Belinda Schrubbe—also a defendant here—that he had twice vomited it. When she saw Gates two days later, Schrubbe recommended that he drink more fluids and take smaller bites; the advice apparently didn't improve Gates's ability to digest nutri-loaf,

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

for at some later point he vomited blood. Requests that the final two defendants, Warden McCaughtry and Deputy Warden Deppisch, remove him from the nutri-loaf diet proved equally unavailing. Ten days of eating loaf left Gates six pounds lighter.

Gates contends that this narrative reveals violations of the Eighth Amendment's ban on cruel and unusual punishment as well as his asserted right to a due process hearing before he could be fed nutri-loaf as punishment. Two district court judges disagreed. Pursuant to 28 U.S.C. § 1915A(b)(1), the first judge dismissed Gates's complaint before service on the defendants for failure to state a claim; lacking the guidance provided in *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 775 (7th Cir.2002) (dismissals under § 1915A(b)(1) should be with prejudice), the court erroneously made the dismissal without prejudice. Gates appealed that dismissal, but then voluntarily dropped the appeal after we denied his motion to proceed in forma pauperis. *See* Fed. R.App. P. 42(b). Six months later Gates filed a slightly more detailed complaint in a different district seeking monetary damages and an injunction requiring the defendants to conduct hearings before placing prisoners on nutri-loaf diets. This time, the district judge allowed the defendants to be served. They responded with a motion to dismiss, which omitted reliance on res judicata as a defense. Instead, the motion asserted that Gates had failed to state a claim upon which relief could be granted and that, regardless, the defendants were entitled to qualified immunity. The district court agreed, finding that Gates had not pleaded a violation of the Eighth Amendment and that due process was not offended by his placement on a nutri-loaf diet without a hearing. Gates challenges these rulings in this appeal; we address his contentions in turn.

First, Gates argues that a nutri-loaf diet is of itself cruel and unusual punishment. That contention is frivolous. Food served in prison must be nutritious, but it does not have to be delicious or even particularly appetizing. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996); *Lunsford v. Bennett*, 17 F.3d 1574, 1580–81 (7th Cir.1994). As Gates has not claimed that nutri-loaf lacks the nutritional value its name implies, placing him on a temporary nutri-loaf diet because of his misconduct during meal service was not of itself a violation of the Eighth Amendment. *See LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir.1993) (temporary nutri-loaf diet did not violate Eighth Amendment).

Reading Gate's pro se complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we can also discern a more particularized Eighth Amendment claim against Schrubbe, the only defendant he told of his difficulty digesting nutri-loaf. To have successfully sued Schrubbe for not discontinuing the diet, Gates needed to allege that he suffered an objectively, sufficiently serious deprivation and that she was deliberately indifferent to that deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Although Gates's repeated regurgitation of the nutri-loaf, culminating in his vomitting of blood, might qualify as a serious deprivation of food, *cf. Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir.2001) (suggesting that prisoner who lost forty-five pounds on nutri-loaf diet might have had Eighth Amendment claim); *see also Reed v. McBride*, 178 F.3d 849, 853–54 (7th Cir. 1999) (depriving inmate of food may, depending on amount and duration of deprivation, be objectively serious), the allegations in his complaint show that Schrubbe was not deliberately indifferent to that de-

privation. He told her only that his stomach had rejected the loaf on two occasions over four days, not that he had vomited blood. Faced with what was apparently an ordinary case of nausea or indigestion, Schrubbe offered advice: plenty of fluids and smaller bites. The wisdom of that advice is the province of tort, not constitutional, law, *see, e.g., Snipes v. DeTella,* 95 F.3d 586, 591 (7th Cir.1996); it is enough to defeat Gates's Eighth Amendment claim that Schrubbe did not disregard or fail to address his specific problem. *See Peate v. McCann,* 294 F.3d 879, 882 (7th Cir.2002) (no Eighth Amendment violation if official responds reasonably to prisoner's complaints).

■ Gates's contention that the Fourteenth Amendment's Due Process Clause required a hearing before he was placed on the nutri-loaf diet also fails. The Fourteenth Amendment does not "protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner,* 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Rather, process is due only before changes that inflict an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Prison is hardly known for its fine dining, *see, e.g., Lunsford,* 17 F.3d at 1580–81; *Thaddeus–X v. Blatter,* 175 F.3d 378, 404 (6th Cir.1999) (Suhrheinrich, J. concurring in part and dissenting in part) (collecting cases discussing cold food served in prison); in such a setting we cannot say that a temporary diet of a meatloaf-like substance is an "atypical and significant hardship in relation to the ordinary incidents of prison life."

Gates has acquired three "strikes" in this litigation: two from the district court dismissals of his identical complaints, and one from this appeal. *See* 28 U.S.C. § 1915(g). Accordingly, he is barred from

bringing future civil suits in forma pauperis except as provided in § 1915(g).

AFFIRMED.