**Gerald JONES, Plaintiff–Appellant,**

v.

**Jerry STERNES, et al., Defendants–Appellees.**

No. 04–1621.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 15, 2005.*

Decided Feb. 18, 2005.

Rehearing En Banc Denied April 15, 2005.

---

* On August 25, 2004, this court granted the

appellee's motion for an order of noninvolve-

Gerald Jones, Pontiac Correctional Center, Pontiac, IL, Pro se.

Deborah L. Ahlstrand, Office of the Attorney General Civil Appeals Division, Chicago, IL, for Defendants–Appellees.

Before POSNER, COFFEY, and WOOD, Circuit Judges.

## ORDER

Illinois inmate Gerald Jones filed suit under 42 U.S.C. § 1983, claiming that several prison officials, medical staff at two different facilities and the Director of the Illinois Department of Corrections violated his Eighth Amendment rights by failing to protect him from a known risk of mental and physical abuse. The district court dismissed the suit under 28 U.S.C. § 1915(e)(2)(B). Jones appeals and we affirm.

In his complaint, Jones alleged that prison officials tortured, threatened, and harassed him. He claimed that they "acted out of deliberate indifference, reckless disregard, and in part retaliation and hate," causing him to suffer "serious mental and physical injuries." Specifically, Jones alleged that prison officials denied him meals, involuntarily placed him in a psychiatric unit and on suicide watch, stripped him nude, assaulted him, and subjected him to an unspecified yet "substantial serious risk of impending harm." Jones also claimed that conditions on the psychiatric ward, where he was being held, led to feelings of helplessness, and that as a means of asserting control he would sometimes "cut" himself either to obtain personal items or to provoke responses from prison officials and medical staff.

The district court screened the case under 28 U.S.C. § 1915(e)(2)(B) and dismissed it, though it gave differing reasons in doing so. On the one hand, the court stated that it dismissed the complaint for failure to state a claim—a ground for dismissal that we review de novo. *Hoskins v. Lenear*, 395 F.3d 372, 374–75 (7th Cir. 2005). On the other hand, the court also invoked frivolousness grounds, finding that

ment due to the lack of service in the district court. After an examination of the appellant's brief and the record, we have conclud-ed that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**450**

Jones's allegations are "plainly irrational," that his "claims of torture and abuse border on the fantastic and defy reason," and that "this lawsuit is based on delusion rather than facts." A dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) based on frivolousness is reviewed for abuse of discretion. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir.2002).

It is not necessary for us to determine whether Jones's suit was dismissed specifically for frivolousness or for failure to state a claim, because under the standard of review that we apply in either case, Jones's complaint was properly dismissed. His complaint lacked a basis in both law and fact, and we agree that his unsupported claims are so irrational they are unbelievable. His most developed argument is that the district court showed bias due to "prejudice and personal interest" in denying him an evidentiary hearing and dismissing the suit. But Jones points to no proof of bias or partiality (or the appearance of either) to suggest that the district judge harbored any personal animus towards him. *See In re Mann*, 229 F.3d 657, 658–59 (7th Cir.2000). Moreover, when factual allegations like Jones's are so incredible, no evidentiary hearing is required. *Gladney*, 302 F.3d at 774.

Finally, because there was no legal basis for bringing this appeal, we deem it frivolous, constituting Jones's third "strike" under 28 U.S.C. § 1915(g). *Lee v. Clinton*, 209 F.3d 1025, 1027 (7th Cir.2000).

AFFIRMED.