UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued June 14, 2006
Decided June 27, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1453

WILLIE LASLEY,
      *Plaintiff-Appellant,*

    *v.*

GEORGE C. WELBORN, *et al.*,
      *Defendants-Appellees.*

Appeal from the United States
District Court for the
Southern District of Illinois.

No. 03 C 313

James L. Foreman,
*Judge.*

**O R D E R**

Willie Lasley, a former Illinois inmate, filed a pro se complaint under
42 U.S.C. § 1983 claiming that officials at Tamms Correctional Center denied him
access to the courts and adequate medical care, interfered with his mail, and
confiscated his belongings in retaliation for filing grievances.  After eighteen
months the district court finally screened his complaint, *see* 28 U.S.C. § 1915A, held
that it is frivolous and fails to state a claim on which relief can be granted, and
dismissed it with prejudice.  More than ten days after entry of judgment, Lasley
filed a "motion for reconsideration," arguing that his complaint is sufficient to give
the defendants notice of his claims.  Given the timing of the motion, the court
correctly characterized it as one under Federal Rule of Civil Procedure 60(b).
*Easley v. Kirmsee*, 382 F.3d 693, 696 n.2 (7th Cir. 2004); *Talano v. Nw. Med.
Faculty Found.*, 273 F.3d 757, 762 (7th Cir. 2001).  And, since the motion did not

raise any of the limited grounds for which Rule 60(b) provides relief, the court denied it. Lasley's present appeal is limited to a review of that denial.

Through newly retained counsel, Lasley now argues that he was entitled to relief under Rule 60(b)(4) because, in his view, the order dismissing his complaint is "void." Section 1915A does not authorize the dismissal, he argues, because that screening provision requires a court to evaluate a complaint "as soon as practicable after docketing," *see* 28 U.S.C. § 1915A(a), and here the court waited eighteen months to do so. As the complaint was never served on the prison officials, they did not participate in this appeal.

Counsel conceded during oral argument that Lasley's Rule 60(b) motion challenged only the merits of the dismissal and did not raise his present contention that the dismissal is void. Nevertheless, counsel asserted, a voidness argument can be raised at any time, in any court. Lasley has pointed to no authority, and we have found none, for this position. On the contrary, because his Rule 60(b) motion did not argue that the dismissal was void, he is precluded from now basing error on that contention. *See Swaim v. Moltan Co.*, 73 F.3d 711, 717 (7th Cir. 1996) (stating that denial of Rule 60(b) motion is reviewed only on grounds raised in motion); *In Re Worldwide Web Sys., Inc. v. Feltman*, 328 F.3d 1291, 1301 (11th Cir. 2003) (explaining that appellant waived argument under Rule 60(b)(4) that judgment was void for lack of service by omitting that argument from his Rule 60(b) motion). Even had Lasley preserved the argument, however, we would reject it. Because Lasley was proceeding in forma pauperis, the court was required to "dismiss the case at any time" upon determining that his complaint was frivolous or failed to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). Thus, while § 1915A includes no explicit time limit (and we have found no case suggesting that there is one), it does not matter because § 1915(e)(2) authorized the action taken by the district court. *See Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002) (stating that dismissal for frivolousness under § 1915(e)(2)(B)(i) precludes future litigation of same claim).

AFFIRMED.