**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 14, 2007[*]
Decided December 17, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-1867

| | |
|---|---|
| JOHNNY B. GRIFFIN, | Appeal from the United States |
|     *Plaintiff-Appellant,* | District Court for the Eastern |
| | District of Wisconsin |
|     *v.* | |
| | No. 06-C-1304 |
| VETERANS ADMINISTRATION | |
| REGIONAL OFFICE, *et al.*, | Rudolph T. Randa, |
|     *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

Johnny Griffin, a Vietnam war veteran, sued the Veterans Administration and other defendants for $50 million, claiming that they conspired against him in

---

[*]Because there are no appellees to be served in this appeal, the appeal has been submitted without the filing of appellees' briefs. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

violation of his civil rights.  Griffin sustained a service-related injury to his jaw in 1974 and has received government benefits ever since.  According to Griffin, VA doctors—together with local law enforcement officers and a car dealership—have been monitoring his telephone calls and tracking his movements via satellite for the past ten years.  Griffin also alleges that the defendants have spread malicious lies about him, spied on him, and attempted to murder, sabotage, and slander him.  In January 2007, the district court denied Griffin's request to proceed *in forma pauperis* and dismissed his complaint as frivolous.  *See Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002).  Two months later Griffin moved for reconsideration and the district court denied that request as well.

Griffin's appeal is timely only as to the motion for reconsideration, and so our review is limited to that issue.  But Griffin makes no argument suggesting why we should reverse.  Instead, his appellate brief repeats his conspiracy allegations without supplying cogent argument.  Although we construe pro se filings liberally, even uncounseled litigants are not excused from the demands of Federal Rule of Appellate Procedure 28.  *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).  That rule requires a brief to contain "an argument consisting of more than a generalized assertion of error, with citations to supporting authority."  *Id.*; *see also* FED. R. APP. P. 28(a)(9)(A).  But Griffin offers no basis for overturning the court's judgment, nor does he cite any authority at all.  We cannot suggest possible arguments or supplement Griffin's brief with our own legal research.  *Id.*  Because Griffin points to no error and we cannot discern any error on this record, this appeal is therefore DISMISSED.