NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2010[*]
Decided February 4, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-2617

|  |  |
|---|---|
| ALONJE K. WALTON, SR., | Appeal from the<br>United States District Court |
| *Plaintiff-Appellant,* | for the Southern District of Illinois. |
| *v.* | No. 08-cv-486 |
| ROGER E. WALKER, JR., et al. | Michael J. Reagan, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Alonje Walton filed suit under 42 U.S.C. § 1983 alleging a broad conspiracy to violate his civil rights. The district court screened the complaint under 28 U.S.C. § 1915A and dismissed it as frivolous. We affirm.

---

[*] The defendants-appellees were not served with process in the district court and are not participating in this appeal. After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

In a sprawling, 82-page complaint naming 24 defendants, Walton alleged that Chicago police officers colluded with prosecutors to falsely arrest and convict him in retaliation for filing a previous civil-rights suit against prison officials. Once in prison, he further alleged, a variety of prison officials—from the state Director of the Department of Corrections down to individual prison guards—engaged in a broad conspiracy to kill him or encourage other prisoners to kill him. According to Walton, the conspiracy continued despite his transfer to another prison. He also alleged other conspiratorial wrongdoing regarding false disciplinary charges, interference with his mail, lack of access to legal materials, and arbitrary handling of his grievances and disciplinary hearings.

Walton's request to proceed *in forma pauperis* was denied by the district court. *See* 28 U.S.C. § 1915(g). The court noted that Walton had accumulated three "strikes" for previous suits that were either completely or partially dismissed and that Walton did not face any imminent threat of physical harm. (Despite the death threats he alleged in his complaint, Walton had never been attacked during the 20 months of the conspiracy's purported existence.)

The district court later dismissed the complaint at screening, § 1915A, because Walton's allegations defied reality. The court compared Walton's complaint to his last suit—which was dismissed as "a paranoid stream of consciousness"—and concluded that in this case, "the sheer size of the alleged conspiracy—involving numerous agencies of state and local government—points in the direction of paranoid fantasy." Because Walton's allegations did not meet the threshold of plausibility, the court dismissed the complaint with prejudice.

On appeal, Walton argues that dismissal under § 1915A was inappropriate because the district court improperly rejected his allegations as fantastic. The court, in his view, erred by not construing his allegations of conspiracy in a more favorable light.

Under Federal Rule of Civil Procedure 8, a complaint must allege facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (before subjecting defendants to "paranoid pro se litigation . . . alleging . . . a vast, encompassing conspiracy," the plaintiff must meet a "high standard of plausibility"). A complaint consisting of nothing more than "'naked assertion[s]' devoid of 'further factual enhancement,'" must be dismissed for failing to meet the requirements of Rule 8. *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). When making the determination of plausibility, a court may rely upon judicial experience and common sense. *Id.* at 1950. We review de novo the district court's dismissal under

§ 1915A for failing to state a claim. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 820 (7th Cir. 2009).

We agree with the district court that Walton's allegations are not backed by sufficient factual development to make them plausible enough to state a claim. Walton's complaint—and the 184 pages of exhibits that accompany it—contain nothing more than unsupported allegations that a wide variety of state and local officials over many months conspired to violate his rights. Walton's complaint only makes "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1949, and these are just the sort of "naked assertions" that the Supreme Court has counseled are not sufficient to avoid dismissal, *see Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Moreover, the district court was entitled to draw upon its familiarity with Walton's prior meritless litigation (again describing sprawling conspiracies) to conclude that his complaint consisted only of "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

Walton also challenges the district court's denial of *in forma pauperis* status because he had accumulated three strikes. He claims that the dismissal of several parties from an earlier lawsuit for failing to state a claim should not have been considered a "strike" because the entire action was not dismissed. Alternatively, he argues that his allegations of repeated death threats demonstrate that he feared imminent harm. But because Walton's complaint was frivolous, there was no error in denying him *in forma pauperis* status. *See* 28 U.S.C. § 1915(e)(2); *see also Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002) (concluding that frivolous suits must be dismissed under either § 1915A or § 1915(g)).

AFFIRMED.