NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 8, 2013[*]
Decided February 8, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS , *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2111

| | |
|---|---|
| ROBERT HOLLAND, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Indiana, |
| | Fort Wayne Division. |
|     *v.* | |
| | No. 2:12cv62 |
| CITY OF GARY, et al., | |
|     *Defendants-Appellees.* | Theresa L. Springmann, |
| | *Judge.* |

**O R D E R**

Robert Holland appeals the dismissal of his suit under 42 U.S.C. § 1983 alleging a broad conspiracy to violate his civil rights. The district court screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismissed it as frivolous and malicious. We affirm.

Holland's complaint named 16 defendants and was 169 pages long. At screening, the district court struck the complaint for failure to provide a short and plain statement of his

---

[*]The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Therefore the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

claims as required by Federal Rule of Civil Procedure 8(a)(2), but invited Holland to try and amend his complaint. Holland's amended complaint, however, was no shorter and no plainer, this time expanding to 213 pages and raising more than 40 claims against 58 defendants. The amended complaint alleged that a wide-reaching enterprise—including dozens of local professionals, his own mother, and a clandestine group called "MEGWITHANIA"—conspired to violate his constitutional rights over 20 years. The conspiracy allegedly included illegal arrests, involuntary hospitalization, withholding of gun permits from him, and the refusal to reinstate his suspended law license. The district court dismissed the complaint because Holland's allegations were fantastic or delusional, and some of them were even malicious because they mirrored those in another suit he brought against several of the same defendants. Still other claims were time-barred or mistakenly brought against state-actor defendants who were immune from suit.

On appeal Holland argues that the district court reviewed his amended complaint under the wrong legal standard when it dismissed the complaint as "fantastic" or "delusional" rather than accepting his factual allegations as true. But a dismissal for frivolousness is qualitatively different than a dismissal for failure to state a claim. Unlike a dismissal for failure to state a claim, which a judge must accept all factual allegations as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a dismissal for frivolousness under § 1915 (the IFP statute) does not require a judge to accept fantastic or delusional factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 327–28, 330 (1989); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *McLean v. United States,* 566 F.3d 391, 399 (4th Cir. 2009); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The court did not abuse its discretion in concluding that Holland's allegations lacked any arguable basis in fact and that amendment would have been futile. *See Neitzke*, 490 U.S. at 329-30; *Grayson v. Mayview State Hosp*., 293 F.3d 103, 112–13 (3d Cir. 2002).

Holland also insists that he was entitled to a hearing before his complaint could be dismissed, but a hearing is not required when the factual allegations are, as here, incredible. *Neitzke,* 490 U.S. at 330; *Gladney*, 302 F.3d at 774; *Giano v. Goord*, 250 F.3d 146, 151 (2d Cir. 2001).

Finally, Holland maintains that his suit was complex and that the district court should have recruited counsel to assist him. But representation of an indigent party in a civil case does not extend to frivolous cases. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

We have considered Walker's other arguments, and they do not merit discussion. Accordingly, the judgment is AFFIRMED.