NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 1, 2013[*]
Decided October 2, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1269

| | |
|---|---|
| ROBERT HOLLAND, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:10cv454-PRC |
| CITY OF GARY, *et al., Defendants-Appellees.* | Paul R. Cherry, *Magistrate Judge.* |

**O R D E R**

Robert Holland appeals the grant of summary judgment against him in this civil-rights suit asserting false arrest, false imprisonment, and malicious prosecution (among other claims), in connection with an altercation he had with his mother at her home in Gary, Indiana. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Holland was arrested after police responded to a call from his mother about a domestic disturbance at her house. Holland's mother—who was confined to a wheelchair—told police that Holland had become enraged during an argument with her, spat in her face, poked her in the head with his finger, and threatened that if he went to jail "she would end up on the morgue." Holland was arrested and taken to the Gary Police Department. He was charged with battery by bodily fluid and intimidation; the next day he was taken to the Lake County Jail and held there for 16 days until he could post bond. Although the charges were later dropped, Holland brought this suit under 42 U.S.C. § 1983 against various defendants associated with the city of Gary (the Mayor and the Chief of Police) and Lake County (the Board of Commissioners, Sheriff, Lake County Jail warden, and two police officers).

Four times during the proceedings, Holland sought leave to amend his complaint to add dozens of new claims or many new defendants. Each time the magistrate judge, who was presiding with the parties' consent, denied the request.

After further proceedings, the magistrate judge granted summary judgment for the defendants. The court found that the Gary defendants were entitled to summary judgment on Holland's claims of false arrest, unlawful detention, and malicious prosecution because the officers had probable cause to arrest Holland based on what they observed and were told by Holland's mother (and other family members who had arrived at the house after the call). Holland did not dispute the version of events on which the officers relied (though he argued later that he had hoped through discovery to identify witnesses who would testify about the officers' lack of probable cause to arrest him).

Holland then sought for a fourth time to amend his complaint—submitting a 200-page proposed amended pleading that included 37 claims and nearly 60 defendants. The magistrate judge denied this request because it would introduce delay, confusion, and the potential for prejudice into the proceedings.

The court then granted summary judgment for all of the Lake County defendants. The Board of Commissioners was entitled to summary judgment because it neither controlled the County Sheriff nor was responsible for conditions at Lake County Jail and therefore could not be liable for any deprivation of Holland's rights resulting from his detention. The Sheriff and warden were entitled to summary judgment because Holland did not set forth any evidence of unconstitutional policies or customs

at the jail to reflect that Holland was subjected during his detention to conditions that were cruel or unusual.

On appeal Holland generally challenges the court's repeated denials of his request to amend his complaint. But the magistrate judge properly denied these requests after concluding that Holland's attempts to amend were untimely or prejudicial to the defendants. *See* FED. R. CIV. P. 15(a)(1)(B), (a)(2), *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For instance, Holland's first attempt to amend occurred more than two months after all parties had answered and even then he tried to add several new defendants and 31 new claims, many lacking any apparent connection to his original complaint.

Holland next argues that the court should not have entered summary judgment before discovery was complete. But if Holland needed further discovery, he should have moved under Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)), explaining why he could not yet present facts essential to his opposition. *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011). Even pro se litigants must follow this rule, *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).

Holland also argues that summary judgment was wrongly decided against him because probable cause did not support his arrest and detention. But we agree with the district court that the defendants had probable cause to arrest Holland. The officers observed him standing outside of his mother's house when they responded to her 911 call. Inside the house, Holland's mother told the officers that he had become enraged, spit on her, poked her in the head, and threatened her. This was enough to show a probability of criminal activity at the time of Holland's arrest. *See Mucha v. Village of Oak Brook*, 650 F.3d 1053, 1056–57 (7th Cir. 2011).

Holland also contends that he was entitled to a hearing before the court entered summary judgment against him. But trial courts have discretion whether or not to hold oral arguments to decide motions. *See* FED. R. CIV. P. Rule 56, 78(b); N.D. IND. R. 7-5(c); *Himes v. United States*, 645 F.3d 771, 784 (6th Cir. 2011). The court here acted within its discretion by deciding the summary judgment motions based on the parties' written submissions.

Holland finally argues that, given the complexity of this suit, the magistrate judge abused his discretion by declining to recruit an attorney to assist him. But the court appropriately concluded that Holland—who had formerly served as an Assistant

City Attorney, a County Deputy Prosecutor, and a private criminal defense attorney in Indiana–appeared competent to litigate the case himself. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

AFFIRMED