**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 26, 2015[*]
Decided June 30, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 14-2017 & 14-2695

| | |
|---|---|
| ROBERT HOLLAND, | Appeals from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Indiana, |
| | Hammond Division. |
|     *v.* | |
| | No. 2:13cv179 |
| LAKE COUNTY MUNICIPAL | |
| GOVERNMENT, et al., | Theresa L. Springmann, |
|     *Defendants-Appellees*. | *Judge*. |

**O R D E R**

This appeal arises from a lawsuit that Robert Holland, an attorney suspended from practice since 2009, brought in the Northern District of Indiana under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.

---

[*] Appellant Robert Holland filed two notices of appeal after the judgment became final. We dismiss appeal no. 14-2695 as duplicative. The defendants were not served with process in the district court and are not participating on appeal. After examining the appellant's brief and the record, we have concluded that this case is appropriate for summary disposition. See Fed. R. App. P. 34(a)(2)(C).

§§ 1961–1968. The suit alleges that since 1998 an array of public and private actors have conspired "to put him out of business." The defendants, he says, cost him his job with the Lake County, Indiana, prosecutor's office, got him banned from the Lake County government building, leveled false allegations that prompted the suspension of his law license, unlawfully seized two real properties, and caused him to be falsely arrested and imprisoned. This suit, though, is actually Holland's fifth raising similar allegations. See *Holland v. CEO Countrywide Home Loans, Inc.*, No. 2:14cv5 (N.D. Ind. 2014), aff'd, No. 14-3447 (7th Cir. Feb. 9, 2015); *Holland v. City of Gary*, No. 2:10-CV-454-PRC (N.D. Ind. 2013), *aff'd*, 533 F. App'x 661 (7th Cir. 2013); *Holland v. City of Gary*, No. 2:12-CV-62-TS (N.D. Ind. 2012), *aff'd*, 503 F. App'x 476 (7th Cir. 2013); *Holland v. Lake County Mun. Gov't*, No. 2:13-CV-180 PS (N.D. Ind. 2013). The district court initially dismissed the complaint—totaling 467 pages—as inconsistent with the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2). The district court then screened Holland's amended complaint and dismissed it, this time with prejudice. That complaint, the court principally reasoned, fails to state a plausible claim for relief under § 1983 or RICO. See 28 U.S.C. § 1915(e)(2)(B)(ii). In fact, the court added, Holland's allegations are "fantastic" and "delusional," and thus frivolous. See *id.* § 1915(e)(2)(B)(i).

Holland protests the dismissal, insisting that his claims are plausible because, by his count, "more than 50 Lake County public officials have been convicted of public corruption" in the last decade. But Holland's reliance on the past performance of unidentified public officials to support his claim of personal abuse by other public officials amounts to nothing more than speculation, which is insufficient to state a plausible claim for relief. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007); *Runnion ex. rel. Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 526 (7th Cir. 2015).

This appeal is frivolous. The district court has twice warned Holland that he risks sanctions for continuing to file frivolous submissions. We add to the district court's warnings our own admonishment that future frivolous appeals also may result in sanctions. See *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

Accordingly, we AFFIRM the judgment in appeal no. 14-2017 and DISMISS appeal no. 14-2695.