Julio F. GIANO, Plaintiff–Appellant,

v.

Glenn GOORD, Commissioner, Department of Correctional Services, Donald Selsky, Director, Special Housing Programs, Frank Irvin, Superintendent, Wende Correctional Facility, Roy Henneberg, Deputy Superintendent of Security, Jeffrey Skinner, Captain, Wende Correctional Facility, Walter Shannon, Lieutenant, Wende Correctional Facility, James Burke, Sergeant, Wende Correctional Facility, Timothy Jeziorski, Sergeant, Wende Correctional Facility, Thomas Lamb, Michael Bishop, Gary Keohane, E. McEvoy, Howard Brennan, John Barbera, John Doe, Correctional Officers, Wende Correctional Facility, Defendants–Appellees.

No. 98–2619.

United States Court of Appeals, Second Circuit.

Originally submitted Jan. 4, 2000.

Final submission Oct. 27, 2000.

Decided May 16, 2001.

Peter A. Sullivan, Hughes, Hubbard & Reed LLP, New York, NY, and Julio F. Giano, Comstock, NY, pro se, for Plaintiff–Appellant.

Martin A. Hotvet, Assistant Solicitor General, State of New York, Albany, NY, for Defendants–Appellees.[*]

Before FEINBERG, KEARSE, and SACK, Circuit Judges..

SACK, Circuit Judge:

Plaintiff-appellant Julio F. Giano appeals from a judgment of the United States District Court for the Western District of New York (Charles A. Siragusa, *Judge*) that, *inter alia,* dismissed without prejudice plaintiff's claims under 42 U.S.C. § 1983 regarding allegations of retaliation and faulty prison drug-testing procedures, and dismissed with prejudice plaintiff's 42 U.S.C. § 1983 claims regarding allegations that Giano was deprived of privacy rights

[*] The various employees of New York State listed as "Defendants Appellees" in the caption on this appeal were not served with the complaint in this action and therefore were not parties to it. They appeared before us as *amici curiae* represented by the Office of the Attorney General of the State.

under the Fourth Amendment of the United States Constitution as applied to the States under the Fourteenth Amendment, and due process rights under the Fourteenth Amendment. *See Giano v. Goord,* 9 F.Supp.2d 235 (W.D.N.Y.1998). We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## BACKGROUND

The allegations in Giano's complaint are described in some detail in *Giano,* 9 F.Supp.2d at 236–39. For purposes of our disposition of this appeal, the following outline of those allegations will suffice.

In June 1995, Giano, then an inmate at the Auburn Correctional Facility in New York, led a protest against actions taken by the New York Department of Correctional Services there. Shortly thereafter, Giano was transferred to another prison, apparently the Wende Correctional Facility. In November 1995, while incarcerated at Wende, Giano filed a lawsuit unrelated to the present action alleging that Wende officials had retaliated against him for the actions Giano had taken while at Auburn.

In September 1996, one of the defendants, a correctional officer at Wende, received what he said was a confidential report about Giano, which falsely asserted that Giano had been using marijuana. Giano was therefore given a urine test, which he failed. The procedures for taking and testing urine samples were not secure, enabling several of the defendants deliberately to contaminate Giano's sample in order to produce the false positive result.

Giano further alleges that a false misbehavior report charging marijuana use by Giano, based on the rigged results of the urine test, was then filed by two of the defendants. The resulting disciplinary hearing, rife with violations of Giano's procedural due process rights, resulted in his serving thirty-five days in keeplock with loss of privileges, although the charges against him were eventually dismissed.

In November of the same year, after Giano visited with his mother as part of a "family reunion" program, he was asked to give another urine sample. In order to further retaliate against Giano, the persons named as defendants in the complaint contaminated this sample so that it too would test positive for marijuana. Another false misbehavior report followed. At the ensuing disciplinary hearing, Giano was found guilty of marijuana use, and was sentenced to, among other things, thirty days of keeplock, loss of privileges and suspension for one year from the family reunion program.

In May 1997, Giano filed a complaint in the United States District Court for the Western District of New York making the foregoing allegations against the defendants and asserting ten causes of action under 42 U.S.C. § 1983 against them. Count one alleges a violation of Giano's Fourth Amendment rights in the course of procurement of his urine samples. Counts two, three, four, and five set forth claims of retaliation alleging that samples of his urine were not kept in tamper-proof bottles and were not stored in a secure room, thus allowing the conspiring persons named as defendants to contaminate them with marijuana in retaliation against the plaintiff for filing the earlier § 1983 action. Counts six, seven, eight, and nine allege various due process violations in connection with Giano's disciplinary hearings. Count ten challenges the constitutionality of the drug testing procedures at Wende.

Before Giano could cause his complaint to be served, the district court, *sua sponte,* dismissed it in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 42 U.S.C. § 1997e(a). *See Giano,* 9 F.Supp.2d at

239. The district court dismissed counts one, six, seven, eight, and nine with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. *See Giano*, 9 F.Supp.2d at 240–42. The district court dismissed the remainder of Giano's complaint—counts two, three, four, five, and ten—without prejudice because the court found that Giano had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). *See Giano*, 9 F.Supp.2d at 239–40. Giano appealed.

The appeal was submitted to this Court on January 4, 2000. We subsequently ordered that counsel be appointed for Giano and that supplemental briefs be submitted by such counsel and by the Attorney General of the State of New York addressing:

(1) Whether, under the [PLRA], a plaintiff must exhaust administrative remedies before asserting a cause of action in federal court that asks solely for monetary damages, even though monetary damages are not available administratively; (2) Whether a complaint about drug testing procedures is one made with respect to prison conditions for purposes of the PLRA; (3) Whether it is relevant for purposes of the PLRA's exhaustion requirement that the plaintiff alleges that the complained of conduct was retaliatory; and (4) Any other issues that the parties think relevant to the disposition of this appeal.

A supplemental brief addressing these issues was filed on Giano's behalf on September 14, 2000. On October 27, 2000, the Attorney General responded by letter brief. Giano asserts that the district court should not have dismissed the counts that were dismissed with prejudice without affording him notice and an opportunity to be heard. He argues with respect to the counts dismissed without prejudice that the § 1997(e)(a) exhaustion requirement applies only to complaints made "with respect to prison conditions" and not to his claims of individualized acts of retaliation. He contends in the alternative that he should have been excused from exhausting his administrative remedies because attempting to do so would have been futile.

We conclude that the district court correctly dismissed count ten without prejudice because it alleged a violation of a prison condition which is subject to the PLRA's exhaustion requirement. We hold, however, that the district court erred in dismissing counts two, three, four, and five because they allege specific acts of retaliation that do not constitute prison conditions and are therefore not subject to the exhaustion requirement. We also hold that under these circumstances, Giano should be afforded the opportunity to be heard in opposition to the dismissal of counts one, six, seven, eight, and nine.

## DISCUSSION

### I. Standard of Review

■ Under 42 U.S.C. § 1997e(c), a court must dismiss a prisoner's § 1983 "action brought with respect to prison conditions ... if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." Similarly, pursuant to 28 U.S.C. § 1915(e)(2), a court must dismiss "at any time" a complaint filed in forma pauperis "if the court determines that ... the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." We review a district court's *sua sponte* dismissal pursuant to 28 U.S.C.

§ 1915(e) and 42 U.S.C. § 1997e de novo. *See Liner v. Goord,* 196 F.3d 132, 134 (2d Cir.1999) (holding that 28 U.S.C. § 1915A and § 1997e dismissals are subject to de novo review).

## II. Counts Two, Three, Four, Five, and Ten

■ Exhaustion of state remedies is not a prerequisite to maintaining an action under § 1983 unless specifically required by Congress. *See Lawrence v. Goord,* 238 F.3d 182, 185 (2d Cir.2001); *Nussle v. Willette,* 224 F.3d 95, 97–98 (2d Cir.2000). Congress amended 42 U.S.C. § 1997e(a) through the PLRA to require that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The district court's dismissal of counts two, three, four, five, and ten was warranted only if they are subject to this section.

We hold that counts two, three, four, and five are not claims brought "with respect to prison conditions" and thus are not subject to this section's exhaustion requirement. "[P]rison conditions" is not defined in § 1997e(a), but several of our recent cases have addressed the meaning of the term. We have held that the term "prison conditions" encompasses "those aspects of prison life affecting the entire prison population" but does not include "individualized retaliatory actions against an inmate." *Lawrence,* 238 F.3d at 185 (extending holding in *Nussle,* 224 F.3d at 101, that the term "prison conditions" does not include particularized instances of ex-

cessive force directed at an inmate). Because counts two, three, four, and five allege individualized retaliatory actions against Giano, they are not subject to § 1997e(a)'s exhaustion requirement. Thus, the district court erred in dismissing those counts.

■ In contrast, count ten challenges the general procedure, applicable to all inmates, of "obtaining, processing, storing and testing urine samples at Wende Correctional Facility." This general procedure is an "aspect[ ] of prison life affecting the entire prison population." *Lawrence,* 238 F.3d at 185. Count ten therefore does challenge a "prison condition," and administrative remedies must be exhausted before Giano can bring an action asserting this § 1983 violation.

■ Count ten was properly dismissed, then, unless Giano in fact exhausted his available administrative remedies. The district court found that the grievance procedures that addressed the subject matter of Giano's complaint were available to him, *Giano,* 9 F.Supp.2d at 239–40, and Giano has given us no reason to question that finding. Indeed, Giano does not deny that he failed to exhaust his remedies. Instead, he argues that pursuing the remedies available to him would have been "futile"[1] because his claims were not being investigated. Although § 1997e(a) "clearly does not require a prisoner to exhaust administrative remedies that do not address the subject matter of his complaint," *Snider v. Melindez,* 199 F.3d 108, 113 n. 2 (2d Cir.1999), the alleged ineffectiveness of the administrative remedies that are avail-

---

**1.** Giano uses "futile" in the sense of "ineffective," meaning that his administrative claims against the defendants were "futile" because he was unlikely to succeed on them in an administrative setting in light of the fact that the defendants were prison administrators

and correctional officers. We accept that meaning for purposes of this opinion. Other courts have used "futile" in a sense that is closer to "unavailable." *See, e.g., Nyhuis v. Reno,* 204 F.3d 65, 66–67 (3d Cir.2000).

able does not absolve a prisoner of his obligation to exhaust such remedies when Congress has specifically mandated that he do so. *See Nussle,* 224 F.3d at 99 (explaining that the PLRA was amended specifically to eliminate " 'effectiveness' of administrative remedies [as] a precondition to the exhaustion requirement"); *Alexander v. Hawk,* 159 F.3d 1321, 1325–26 (11th Cir.1998) (holding that "the courts cannot simply waive [the exhaustion] requirements where they determine they are futile or inadequate").[2] Giano must grieve his complaints about the conditions under which drug tests are performed at Wende before he can bring an action with respect to them in federal court. The district court therefore correctly dismissed count ten without prejudice.

### III. Counts One, Six, Seven, Eight, and Nine

■ The district court dismissed with prejudice Giano's due process claims in counts six, seven, eight, and nine based on a finding that Giano did not allege a protected liberty interest that entitled him to Fourteenth Amendment due process protections. *Giano,* 9 F.Supp.2d at 239. The district court dismissed Giano's Fourth Amendment claim in count one on the ground that Giano did not assert the violation of a privacy right protected by the Fourth Amendment.

While the district court asked Giano to submit evidence of his exhaustion of state remedies, it appears from the record that it did not invite Giano to present arguments supporting his Fourth and Fourteenth Amendment claims. Giano argues

that the district court erred in dismissing these claims with prejudice without providing him notice of its intent to dismiss them or an opportunity to be heard in opposition.

We have held that the screening process provided for in § 1915A "does not require that process be served or that the plaintiff be provided an opportunity to respond before dismissal." *Carr v. Dvorin,* 171 F.3d 115, 116 (2d Cir.1999). We have noted, however, in the context of a district court's *sua sponte* dismissal on the merits under 42 U.S.C. § 1997e(c) of a prisoner's § 1983 claim, that "[u]nless it is unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective, we believe it is bad practice for a district court to dismiss without affording a plaintiff the opportunity to be heard in opposition." *Melindez,* 199 F.3d at 113. We see no reason not to apply the *Melindez* reasoning to a dismissal pursuant to 28 U.S.C. § 1915 in the particular circumstances of the case at bar. Because we are returning this case to the district court in any event with respect to counts two, three, four, and five, it is the better course for the court to give Giano the opportunity to oppose the dismissal of counts one, six, seven, eight, and nine before ruling that they do not state a claim upon which relief may be granted.

### CONCLUSION

For the foregoing reasons, we vacate the district court's dismissal of counts one through nine of the complaint; affirm the district court's dismissal without prejudice

---

**2.** Because counts two, three, four, and five are not subject to the exhaustion requirement and because count ten demands relief in the form of a preliminary injunction and a declaratory judgment, we need not determine whether the "exhaustion requirement of 42 U.S.C. § 1997e(a) applies ... where the relief

requested is monetary and where the administrative appeal, even if decided for the complainant, could not result in a monetary award." *Snider v. Dylag,* 188 F.3d 51, 55 (2d Cir.1999) (calling it "far from certain" that the exhaustion requirement applies in such circumstances).

of count ten; and remand this case to the district court for further proceedings consistent with this opinion.