10-1043-cv
Annselm Morpurgo v. Incorporated Village of Sag Harbor, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April two thousand and eleven.

PRESENT:

WILFRED FEINBERG,
JOHN M. WALKER, JR.
JOSÉ A. CABRANES,
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANNSELM MORPURGO, M.A.,

*Plaintiff-Appellant,*

v.                                                                      No. 10-1043-cv

INCORPORATED VILLAGE OF SAG HARBOR, AND GREGORY N. FERRARIS AS APPOINTED MAYOR, EDWARD DEYERMOND AS RETIRING ELECTED MAYOR, AND J. DOE #1 THROUGH #N OF THE ELECTED BOARD OF TRUSTEES, SAG HARBOR VILLAGE POLICE, AND THOMAS FABIANO AS POLICE CHIEF, POLICE OFFICER PATRICK MILAZZO, SUFFOLK COUNTY WATER AUTHORITY, AND PAUL GREENWOOD AS ASSISTANT SUPERINTENDENT, CALECA & TOWNER, PC, ANDREW T. TOWNER, ESQ., JOHN JERMAIN MEMORIAL LIBRARY, GREGORY N. FERRARIS AS PRESIDENT OF THE BOARD OF TRUSTEES, AND J. DOE #1 THROUGH #N OF THE APPOINTED OR ELECTED BOARD OF TRUSTEES, JOHN JERMAIN FUTURE FUND, GAIL SLEVIN, GREGORY N. FERRARIS, PATRICK MILAZZO, TIMOTHY PLATT, PAUL GREENWOOD, ANDREW T. TOWNER, ESQ., PETER DARROW, OTHER PERSONS J. DOE, # 1 THROUGH # N AS OTHER CONSPIRING INDIVIDUALS UPON DISCOVERY, CHRISTINE STANLEY, AKA HELGA MORPURGO,

*Defendants-Appellees,*

THOMAS FABIANO, MICHAEL A. WOLOHOJIAN, ED DEYERMOND, AS RETIRED ELECTED MAYOR,

*Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**FOR APPELLANT:** Annselm Morpurgo, *pro se*, Sag Harbor, NY.

**FOR APPELLEES:** David H. Arntsen and Diane Christine Farrell, Devitt, Spellman Barrett, LLP, Smithtown, NY;  Patrick Brian Fife, Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY;  Andrew T. Towner, Caleca & Towner, P.C., East Hampton, NY;  Anton Piotroski, Hammil, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY; Nica B. Strunk, Esseks, Hefter & Angel, Riverhead, NY;  Richard F. Hans, Barbara L. Seniawski, DLA Piper LLP, New York, NY; Christine Stanley, *pro se*, East Hampton, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Annselm Morpurgo ("appellant"), *pro se*, appeals the District Court's judgment dismissing her complaint brought under 42 U.S.C. §§ 1983 and 1985(3).  We assume the parties' familiarity with the underlying facts and procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's *sua sponte* dismissal of a complaint.  *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001).  We also review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d

Cir. 2002); see also *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As an initial matter, appellant argues that the District Court erred in finding appellant's objections to the Magistrate Judge's Report and Recommendation to be insufficient to warrant applying a *de novo* standard of review, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. However, even if the District Court should have applied a *de novo* standard of review, any error was harmless, as our own *de novo* review of the record reveals appellant's objections to have been without merit. Insofar as appellant, in her objections and on appeal, has challenged the district court's dismissal of her conspiracy claims under §§ 1983 and 1985, we find that appellant failed to plead enough facts to state a conspiracy claim under either of those statutes, for substantially the same reasons stated by the District Court. *See Morpurgo v. Incorporated Village of Sag Harbor, et al.*, 697 F.Supp.2d 309 (E.D.N.Y. Mar. 5, 2010). We note that appellant has abandoned any challenge to the dismissal of her claims based on appellees' alleged individual actions, having failed to raise those claims on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

Finally, we hold that the District Court did not abuse its discretion in denying appellant leave to amend her complaint. The complaint, even when read liberally, does not "suggest[] that [appellant] has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe," *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), and appellant has not given any indication as to the manner in which she would amend the complaint.

## CONCLUSION

We have considered all of appellant's claims on appeal and have found them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

3