10-4766-cv
*Scanlon v. State of Vermont*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of May, two thousand eleven.

PRESENT: ROBERT D. SACK,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
*Circuit Judges.*

———————————————————

JOHN J. SCANLON, JR.,
*Plaintiff-Appellant*,

-v.-                                               No. 10-4766-cv

STATE OF VERMONT, *et al.*,
*Defendant-Appellee*.

———————————————————

**FOR PLAINTIFF-APPELLANT**:        John J. Scanlon, Jr., *pro se*, Port Charlotte, FL.

**FOR DEFENDANT-APPELLEE**:        No appearance.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant John J. Scanlon, Jr. ("Scanlon"), *pro se*, appeals from an Opinion and Order of the United States District Court for the District of Vermont (Sessions, *J.*), entered November 10, 2010, *sua sponte* dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's *sua sponte* dismissal of a complaint under § 1915(e) *de novo*, bearing in mind that, under § 1915(e)(2), a court must dismiss an action "at any time" if it determines that the action is frivolous. *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). An action is frivolous if it lacks an arguable basis in law or fact — i.e., where it is "based on an indisputably meritless legal theory" or presents "factual contentions [which] are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned decision. Indeed, Scanlon's brief, constituting several pages of the complaint filed in the district court below, effectively fails to respond to the district court's decision, as it contains no reference to that decision or identifiable argument. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk