10-1304-pr
McAllister v. New York State Division of Parole

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of September, two thousand eleven.

**PRESENT:**
> **DENNIS JACOBS,**
> *Chief Judge,*
> **PETER W. HALL,**
> **GERARD E. LYNCH,**
> *Circuit Judges.*

_____

**Charles McAllister,**

*Plaintiff-Appellant*,

v.                                                                          10-1304-pr

**New York State Division of Parole, George Alexandra, Chairman, William Smith, Jr., Commissioner, Carolyn Buckner, Secretary,**

*Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Charles McAllister, *pro se*, Cape Vincent, NY. |
| **FOR DEFENDANTS-APPELLEES:** | No Appearance. *See* Fed. R. App. P. 31(c). |

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Charles McAllister, *pro se*, appeals the dismissal without prejudice of his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

A district court's § 1915(e)(2) dismissal of a complaint is reviewed *de novo*. *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

An independent review of the record and the relevant precedents confirm that the district court properly dismissed McAllister's amended complaint for failure to state a claim. *See ACEquip Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151, 155 (2d Cir. 2003) ("Our court may . . . affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court."). McAllister argues that the Due Process Clause was violated because he was "denied parole pursuant to an 'unofficial policy' to deny parole to violent felony offenders solely on the basis of the violent nature of their convictions." However, "[i]n order for a state prisoner to have an interest in parole that is protected by the Due

Process Clause, he must have a legitimate expectancy of release that is grounded in the state's statutory scheme." *Barna v. Travis*, 239 F.3d 169, 170 (2d Cir. 2001). The "New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release." *Id.* at 171. Since (as the record shows) the Parole Board denied parole to McAllister after considering the factors listed under New York Executive Law § 259-i(2)(c)(A), and there is no indication in the record that McAllister had a "legitimate expectancy of release . . . grounded in the state's statutory scheme," McAllister's due process claim was properly rejected.

McAllister claims that the Ex Post Facto Clause was violated by a purported "unofficial policy" to deny parole to violent felons. However, the Ex Post Facto Clause "applies only to legislative action" and "does not apply to guidelines that do not create mandatory rules for release but are promulgated simply to guide the parole board in the exercise of its discretion." *Barna*, 239 F.3d at 171 (citation omitted). Since McAllister cites no legislative act that effected the Parole Board's denial of parole--and this Court has found that New York's parole scheme provides guidelines--McAllister's Ex Post Facto claim was also properly dismissed by the district court. *See id.*

Finally, McAllister claims that his right to equal protection was violated by the application of the "unofficial policy" to deny violent felons parole. However, "incarcerated felons are not a suspect classification," *Zipkin v. Heckler*, 790 F.2d 16, 18 (2d Cir. 1986), and the Supreme Court has found that there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inamets of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Moreover, New York's parole scheme is rationally related to its goals of ensuring that those who are granted parole "will live

3

and remain at liberty without violating the law" and that "release is not incompatible with the welfare of society." *See* N.Y. Exec. Law § 259-i(2)(c)(A). As a result, it cannot be said that McAllister has alleged a denial of equal protection.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk