10-2071-cv
Petway v. New York City Transit Authority

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand eleven.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> *Circuit Judges.*

---

Johnnie L. Petway,

> *Plaintiff-Appellant*,

v.                                                                    10-2071-cv

New York City Transit Authority, *et al.*,

> *Defendants.*[1]

---

FOR APPELLANT:     Johnnie L. Petway, *pro se*, Brooklyn, New York.

NO APPEARANCE FOR DEFENDANTS[2]

---

[1] The Clerk of the Court is directed to amend the caption as shown above.

[2] Because the District Court dismissed Petway's complaint pursuant to 28 U.S.C. § 1915(e)(2) prior to its service on any defendant, no defendant has appeared in the case, either in the District Court or on appeal. *See Hall v. NYS Division of Parole*, 225 F.3d 645, 2000 WL 1186256, at *1 n.1 (2d Cir. Aug. 21, 2000) (unpublished summary order).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Johnnie L. Petway ("Petway"), *pro se*, appeals from the District Court's order dismissing, *sua sponte*, his complaint, in which he brought claims pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA," 42 U.S.C. §§ 12111–12117), as well as a state law breach of contract claim. We assume the parties' familiarity with the facts and proceedings below. This Court previously limited this appeal to the issue of whether the District Court erred in dismissing the action without first granting Petway the opportunity to replead his ADA claim.

We review *de novo* a district court's *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2). *See Giano v. Goora*, 250 F.3d 146, 149-50 (2d Cir. 2001). Under that statute, a district court is required to dismiss a complaint brought *in forma pauperis* if it determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint fails to state a claim on which relief can be granted if, taking all allegations contained in the complaint to be true, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

A district court must liberally construe a *pro se* complaint, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam), and should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend is not necessary when it would be futile. *See id.* (finding that leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

Although the District Court *sua sponte* dismissed Petway's complaint without granting leave to amend or explicitly finding that granting leave to replead would be futile, the complaint gives no indication that Petway could have stated a colorable ADA claim had he been granted leave to amend. *See id.* In particular, although Petway broadly alleged that certain employees of the New York City Transit Authority made false statements in the context of certain workers' compensation proceedings, he did not plausibly suggest that any of the defendants in this case discriminated against

2

him on the basis of his disability for purposes of an ADA claim.  *See* 42 U.S.C. § 12112(a).

We have considered Petway's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk