10-2343-pr
*Robles v. Evans*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
  RAYMOND J. LOHIER, JR.,
      *Circuit Judges*,
  J. GARVAN MURTHA,
      *District Judge.*\*

---

NICHOLAS ROBLES,

           *Plaintiff-Appellant*,

       -v.-                                      10-2343-pr

ANDREA EVANS, Chairperson Division of Parole,
C. WILKINS, Parole Officer Supervisor of
Orleans State Prison and those acting in
concert, DIVISION OF PAROLE REPRESENTATIVE,
NEW YORK STATE DEPARTMENT OF CORRECTIONAL
SERVICES,

           *Defendants-Appellees.*

---

\* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

FOR APPELLANT:     Scott A. Korenbaum, New York, NY.[**]

Appeal from the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** and the case be **REMANDED** with directions to grant leave to amend the complaint.

Plaintiff-Appellant Nicholas Robles appeals from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*), dismissing his *pro se* complaint brought pursuant to 42 U.S.C. § 1983. Robles alleged that the state defendants breached an agreement and violated his due process rights in connection with their denial of his release on parole in 2000 and their classification of him as a violent sexual offender in 2001. The district court concluded that Robles's complaint failed to state a claim upon which relief may be granted and thus dismissed the complaint *sua sponte*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We assume the parties' familiarity with the underlying facts and procedural history of the case.

---

[**] The New York State Attorney General's Office has chosen not to appear as counsel for Defendants-Appellees in this appeal because the district court dismissed Robles's complaint before any defendant was ever served.

2

We review a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e) *de novo*. *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). As an initial matter, we have no reason to believe that the district court failed to construe the *pro se* complaint liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Indeed, Robles's appointed counsel acknowledges that given the complaint's lack of clarity, "the trial court's reading of it was certainly understandable." Appellant's Br. 7. But "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).

Having conducted an independent review of the record, we conclude that the district court should have afforded Robles an opportunity to amend his complaint because a liberal reading of the complaint indicates that Robles might state a valid claim that he was denied parole in March 2009 in retaliation for his prior lawsuits. "This court has held that retaliation against a prisoner for pursuing a grievance violates the right to petition government for the redress of grievances guaranteed by the First and Fourteenth Amendments

3

and is actionable under § 1983." *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996); *see also Jones v. Coughlin*, 45 F.3d 677, 679-80 (2d Cir. 1995).

The district court dismissed Robles's claims to the extent that they challenged the decision to deny his release on parole in March 2009, without discussing the possibility that Robles was seeking a new parole hearing wherein non-retaliatory procedures would be followed, or prospective injunctive relief enjoining Defendants from further retaliation. In our view, there are sufficient allegations in the complaint to construe such a claim: (1) the complaint details Robles's history of administrative appeals and state and federal petitions for habeas corpus relating to issues of parole and his status as a violent sexual offender; (2) Robles explicitly alleged that the Division of Parole ("DOP") denied him conditional release, and, within the same paragraph, stated that the DOP is "retaliating against [him] for past litigation"; (3) Robles asked the district court to order Defendants to show cause why a temporary restraining order and preliminary injunction should not be ordered by the court; and (4) Robles requested the court to protect him "from any further form of reprisal by the [DOP]."

4

*Heck v. Humphrey*, 512 U.S. 477 (1994), "specifies that a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). But if Robles prevails on a claim seeking a new parole hearing or prospective injunctive relief enjoining Defendants from further retaliation, he will "at most [receive] a new parole hearing at which [New York] parole authorities may, in their discretion, decline to shorten his prison term." *Id.* at 82; *see Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001) (describing the parole board's broad discretionary powers under New York law). Because such relief "*would not necessarily* spell immediate or speedier release for the prisoner," his claim would not be barred by *Heck*. *Wilkinson*, 544 U.S. at 81.

Finally, we recognize that it is not apparent from the face of the complaint that Robles pled sufficient facts showing a causal connection between his obvious litigious history and the denial of his parole. *See Graham*, 89 F.3d at 79-80. Nevertheless, Robles should be afforded the opportunity to amend his complaint because we cannot "rule

5

out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

For the foregoing reasons, the judgment of the district court is **VACATED** and the case is **REMANDED** with instructions to permit Robles to amend his complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk