Shibeshi v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> DENNY CHIN,
> *Circuit Judges.*

_____

Shewaferaw S. Shibeshi,

> *Plaintiff-Appellant*,

> v.                                                                11-4270

City of New York,

> *Defendant-Appellee.*

_____

FOR APPELLANT:          Shewaferaw S. Shibeshi, *pro se*, Mifflin, PA.

FOR APPELLEE:           No appearance.


Appeal from a judgment of the United States District Court for the Southern District of

New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Shewaferaw S. Shibeshi, proceeding *pro se*, appeals from the district court's judgment *sua sponte* dismissing his complaint pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(h)(3). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* both a district court's *sua sponte* dismissal of a complaint pursuant to § 1915(e)(2) for frivolity and failure to state a claim, *see Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001), and a district court's dismissal of a complaint for lack of subject matter jurisdiction, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 79-80 (2d Cir. 2005). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, the Court will look for such allegations by reading *pro se* complaints with "special solicitude" and interpreting them to raise the "strongest arguments that they *suggest*." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). In addition to the requirement that *pro se* complaints be liberally construed, this Court has held that district courts should generally not dismiss a *pro se*

2

complaint without granting the plaintiff leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend is not necessary when it would be futile. *See id.* (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

On appeal, Shibeshi does not raise any arguments with regard to the alleged forfeiture of his vehicle, and he has therefore abandoned any such arguments. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). As for his remaining claims, having conducted an independent review of the record and relevant case law, we conclude that the district court properly dismissed Shibeshi's complaint for substantially the reasons stated by the district court in its well-reasoned order. Moreover, although the district court dismissed the complaint without providing an opportunity to amend, a *de novo* review of that complaint indicates that any amendment would have been futile.

We have considered all of Shibeshi's arguments on appeal and find them to be without merit. Accordingly, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3