Rahim v. Secretary, Establishment Div., Gov't of People's Republic of Bangladesh

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of September, two thousand twelve.

PRESENT:
>
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

———————————————————————————————

Md. Hafizur Rahim,

*Plaintiff-Appellant*,

v.                                                                                  11-3458-cv

Secretary, Establishment Division,
Government of the People's Republic of
Bangladesh,

*Defendant-Appellee*.

———————————————————————————————

FOR APPELLANT:        Md. Hafizur Rahim, *pro se*, Long Island City, N.Y.

FOR APPELLEE:         No appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Md. Hafizur Rahim, proceeding *pro se*, appeals from the district court's judgment *sua sponte* dismissing his complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3), because it is barred by the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.* Rahim alleges that, while employed as a tax inspector by the government of Bangladesh, he was subjected to an unspecified form of discrimination that resulted in his being denied a promotion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* both a district court's *sua sponte* dismissal of a complaint pursuant to § 1915(e)(2), and a district court's dismissal of a complaint for lack of subject matter jurisdiction. *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 79-80 (2d Cir. 2005). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, the Court will look for such allegations by reading *pro se* complaints with

2

"special solicitude" and interpreting them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis in original) (internal quotation marks omitted).

We review denial of leave to amend a complaint for abuse of discretion. *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). While we have held that district courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend, leave to amend is not necessary when it would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Having conducted an independent review of the record, we conclude that the district court properly dismissed Rahim's complaint. We reject Rahim's argument that the exception to sovereign immunity found in 28 U.S.C. § 1605(a)(6)(A) applies, as the record contains no indication that he and Defendant-Appellee had any agreement to arbitrate their disputes in the United States. Moreover, for this same reason, we conclude that the district court acted within its discretion in denying Rahim an opportunity to amend his complaint, as any amendment would have been futile.

We have considered all of Rahim's arguments on appeal and find them to be without merit. Accordingly, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3