Andersen v. Young and Rubicam Adver.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7ᵗʰ day of November, two thousand twelve.

PRESENT:
JOHN M. WALKER, JR.,
DEBRA ANN LIVINGSTON,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

Kelvin David Andersen,

    *Plaintiff-Appellant*,

    v.                                                                 11-4779-cv

Young and Rubicam Advertising, a WPP Company,

    *Defendant-Appellee.*

_____

Kelvin David Andersen, *pro se*, New South Wales, Australia *for Plaintiff-Appellant*.

Maureen McLoughlin and Jason Roth; Davis & Gilbert, LLP, New York, NY *for Defendant-Appellee.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and Appellee's motion for sanctions is **DENIED**.

Appellant Kelvin David Andersen, proceeding *pro se*, appeals from the dismissal of his employment discrimination complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

We review *de novo* a district court's *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2). *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). To survive, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we read *pro se* complaints with special solicitude and interpret them to raise the strongest claims that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam). In addition to liberally construing *pro se* complaints, a district court should not dismiss a *pro se* complaint without granting the plaintiff leave to amend if "'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

Here, an independent review of the record and relevant case law reveals that the district court properly dismissed Andersen's amended complaint. We affirm for substantially the reasons stated by the district court in its thorough and well-reasoned October 14, 2011 decision. *See Andersen v. Young & Rubicam Adver.*, No. 11-cv-4466 (S.D.N.Y. Oct. 14, 2011). As the district court noted, Andersen's Age Discrimination in Employment Act claims are untimely and unexhausted because he never filed a charge with the Equal Employment Opportunity Commission and does not allege that exceptional circumstances prevented from doing so. *See* 29 U.S.C. § 626(d). Additionally, the district court properly concluded that Andersen's claims are precluded as he previously litigated them fully in state court. *See Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008).

Lastly, Appellee requests that this Court impose sanctions against Andersen—both damages pursuant to Fed. R. App. P. 38 and leave-to-file sanctions—based on Andersen's pursuit of this frivolous appeal. Because we do not find that Andersen pursued this appeal in bad faith, and because this one appeal does not constitute "an extraordinary pattern of vexatious and harassing litigation," *In re Martin-Trigona*, 9 F.3d 226, 227 (2d Cir. 1993), Appellee's motion for sanctions is denied.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** and Appellee's motion for sanctions is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3