Mottola v. DeNegre

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand thirteen.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

Carol Mottola, AKA Doe,

> *Plaintiff-Appellant,*

> v.                                                                                12-2818

Diana Rita DeNegre, Louis Mark DeNegre,

> *Defendants-Appellees.*

_____

FOR APPELLANT:          Carol Mottola, *pro se*, Bronxville, NY.

FOR APPELLEES:          Diana Rita DeNegre, *pro se*, Louis Mark DeNegre, *pro se*, Woodbridge, CT.[1]

_____

[1] Appellees have chosen not to appear or to file a brief in this appeal.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant Carol Mottola, proceeding *pro se*, appeals from the district court's *sua sponte* dismissal of her complaint alleging state law claims of defamation and infliction of emotional distress, and from the court's denial of her motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews a district court's *sua sponte* dismissal of a complaint *de novo*. *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

This Court reviews a district court's denial of a Rule 60 motion for abuse of discretion. *Universal Church v. Geltzer*, 463 F.3d 218, 228 (2d Cir. 2006). A court abuses its discretion "when its decision rests on an error of law or a clearly erroneous factual finding, or when its decision, though not necessarily the product of legal error or a clearly erroneous finding of fact, cannot be located within the range of permissible decisions." *United States v. Gonzalez*, 647 F.3d 41, 57 (2d Cir. 2011). After an independent review of the record and relevant case law, we affirm for substantially the same reasons stated by the district court judge in her thorough June 8, 2012, and August 17, 2012, orders.

2

Further, Mottola failed to allege facts sufficient to support tolling under New York state law. *See, e.g., Pearl v. City of Long Beach*, 296 F.3d 76, 85 (2d Cir. 2002) ("Although . . . we will apply the equitable tolling doctrine as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights, we made it clear that we had in mind a situation where a plaintiff could show that it would have been impossible for a reasonably prudent person to learn about his or her cause of action." (internal quotation marks and citations omitted)); *see also* N.Y. C.P.L.R. § 208 (McKinney's 2010) (tolling for infancy or insanity)*; Overall v. Estate of Klotz*, 52 F.3d 398, 404 (2d Cir. 1995) (duress tolling).

We have considered all of Mottola's arguments and find them to be without merit. Accordingly, the judgment and order of the district court are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3