12-1262-cv
Shibeshi v. City Univ. of N.Y.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand thirteen.

PRESENT:  JON O. NEWMAN,
              REENA RAGGI,
              GERARD E. LYNCH,
                *Circuit Judges.*

———————————————————————

SHEWAFERAW S. SHIBESHI,
              *Plaintiff-Appellant*,

      v.                                        No. 12-1262-cv

CITY UNIVERSITY OF NEW YORK,
              *Defendant-Appellee*.

———————————————————————

FOR APPELLANT:      Shewaferaw S. Shibeshi, <u>pro se</u>, Mifflin, PA.

FOR APPELLEE:       Oren L. Zeve, Esq., *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 1, 2012, is AFFIRMED.

Appellant Shewaferaw S. Shibeshi appeals from the sua sponte dismissal of his complaint as barred by the Eleventh Amendment. See 28 U.S.C. § 1915(e)(2)(B)(iii) (allowing district court to dismiss monetary claims against defendants immune from such relief). We review de novo a § 1915(e)(2) dismissal, see Giano v. Goord, 250 F.3d 146, 149–50 (2d Cir. 2001), reading pro se complaints with "special solicitude" and interpreting them to raise the "strongest [claims] that [they] suggest[]," Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

After an independent review of the record and relevant case law, we conclude that the district court properly dismissed Shibeshi's complaint as barred by the Eleventh Amendment. See Clissuras v. City Univ. of N.Y., 359 F.3d 79, 83 (2d Cir. 2004). To the extent that Shibeshi's request for front pay could be construed as a request for prospective injunctive relief, in addition to compensatory damages, that claim is barred by the Eleventh Amendment because Shibeshi sued under state law. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (holding that exception to Eleventh Amendment immunity for prospective injunctive relief, see Ex parte Young, 209 U.S. 123 (1908), is "inapplicable in

a suit against state officials on the basis of state law"). Shibeshi's argument that Congress has abrogated defendant's Eleventh Amendment immunity by providing for "alternative federal remedies" under 8 U.S.C. § 1182(n)(2) has no merit. Congress must make its intention to abrogate immunity "unmistakably clear in the language of the statute," Dellmuth v. Muth, 491 U.S. 223, 228 (1989), and nothing in 8 U.S.C. § 1182(n)(2) suggests any such intention.

Although district courts should generally not dismiss a pro se complaint without granting the plaintiff leave to amend, see Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), in this case leave to amend would be futile, see id. (finding leave to replead would be futile where complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

We have considered Shibeshi's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3